# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ANTHONY L. COOPER,

    Plaintiff,

vs.                            Case No. 4:16cv577-RH/CAS

RICK SCOTT, and
SECRETARY STATE AGENTS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this case on September 12, 2016, in the United States District Court, Middle District of Florida. The case was opened in that court as case number 3:16cv1158, and transferred to this Court on September 15, 2016. ECF Nos. 2-3.

    An Order was entered in this Court on September 23, 2016, directing Plaintiff to do three things: (1) file a complaint stating the facts of his case; (2) either pay the filing fee for this case or file an in forma pauperis motion; (3) clarify his status at the Florida State Hospital so the Court can determine whether or not Plaintiff is a "prisoner" as defined by 28 U.S.C.

§ 1915(h). ECF No. 4. The Order also advised Plaintiff that his case initiating document, styled as an emergency motion for an injunction, ECF No. 1, was insufficient. Plaintiff was informed that if he believed he was in danger, he could resubmit the motion, but he must provide a clear statement of facts which describe when, where, and how the persons named within the motion have harmed him. ECF No. 4.

Nothing has been received from Plaintiff in response to the prior Order. Plaintiff has not paid the filing fee, submitted an in forma pauperis motion, nor filed any response which demonstrates either that Plaintiff is in danger or that he desires to continue this case.

Judicial notice is taken of Plaintiff's status at the Florida State Hospital through court records. Prior to transfer of this case, Plaintiff was filing cases in the Middle District of Florida. In one such case, Plaintiff confirmed that he had been transferred from the Duval County Jail to the Florida State Hospital. Cooper v. Peoples, Case No. 3:16-cv-876-MMH-MCR, ECF No. 2. Plaintiff Anthony Cooper was charged with committing grand theft in two cases in Duval County, Florida. See State v. Cooper, Duval County Circuit Court Case Nos. 16-CF-587 and 590 (identifying criminal defendant as Anthony Leonardo Cooper, offender number 2016-

001598).  In an order dated May 20, 2016, Duval County Circuit Judge Steven B. Whittington declared Plaintiff incompetent to proceed due to mental illness and committed Plaintiff to the Department of Children and Families to be placed in a mental health treatment facility.  A Florida State Hospital Commitment Package was generated for Plaintiff and a review hearing has been scheduled for November 16, 2016.  Duval County Circuit Court Case Nos. 16-CF-587.  Thus, Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h) (defining a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

Plaintiff is a frequent filer who has had more than three cases dismissed pursuant to 28 U.S.C. § 1915(g).  *See* case # 4:02cv76-RH (citing dismissed cases).  Plaintiff is not entitled to proceed with in forma pauperis status absent allegations which demonstrate he is in "imminent danger of serious physical injury."  *Id.*  Plaintiff has not moved for in forma pauperis status nor has he clearly demonstrated the imminent danger requirement with a clear statement of facts.  Plaintiff has abandoned this litigation by failing to comply with the prior Order.  Plaintiff was warned that

if he failed to comply with that Order, this case may be dismissed. ECF No. 4. It is appropriate to dismiss this action.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 1, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**